UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON D. VILLALOBOS, | No. 2:14-cv-1966-MCE-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| FRED FOULK, | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He moves to stay the case pending his exhaustion of certain issues.  ECF No. 16.  Respondent has filed no opposition.  For the reasons that follow, it is recommended that the motion be denied without prejudice.

**I.     Background**

Petitioner was convicted on various drug charges and sentenced to serve 26 years to life in state prison on December 3, 2012.  ECF No. 1 at 1.  He argues that his trial court committed constitutional error when it refused to allow him to present a defense that he possessed the marijuana in question validly as a "primary caregiver" under California Health and Safety Code § 11362.765.  *Id.* at 29-35.  He also argues that his trial counsel was ineffective for failing to preserve for review the argument that petitioner's federal constitutional rights had been violated by the trial court's refusal to allow him to present a primary caregiver defense.  *Id.* at 35-38.

/////

1

Lastly, petitioner claims that the trial court deprived him of his federal constitutional rights when it excluded the testimony of Jason Browne as an expert on whether the marijuana petitioner was caught with was usable. *Id.* at 38-43.

In the petition, petitioner stated that all grounds he presented for relief had been presented to the highest state court. *Id.* at 13. Respondent claims that some of the claims were not exhausted. ECF No. 14 at 20. Petitioner has now filed a one-page motion for a stay, stating that he wishes to present additional issues that were never presented to the California Supreme Court. ECF No. 16. Petitioner does not identify or describe the unexhausted issues, nor provide any information about why the issues have not already been exhausted. It is thus unclear whether petitioner wants the stay because he wishes to exhaust the claims identified by respondent as unexhausted or whether petitioner wishes to exhaust new claims that are not contained in the original writ petition.

## II. The Exhaustion Requirement

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a

statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, she may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due

3

diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; King, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

### III.    Analysis

Petitioner does not indicate whether he wishes the court to stay the case pursuant to *Kelly* or *Rhines*. The *Rhines* procedure is plainly unavailable to petitioner here, however, as his one-paragraph motion for stay makes no attempt to show good cause for his failure to exhaust whatever claims he wishes to present but has not yet exhausted. The *Kelly* procedure is also unavailable on the current showing, as petitioner has not described the claims that are currently unexhausted. Without that information, the court cannot determine whether the instant petition is fully exhausted and may be stayed or whether some claims must be dismissed from the action while petitioner returns to state court to exhaust them. Petitioner additionally makes no showing that the claims he has not yet exhausted could be added to the federal petition within the one-year limitations period. *See King*, 564 F.3d at 1141 (noting that the filing of a federal petition does not toll the limitations period and that any claims sought to be added to the petition must be added within the limitations period or must "relate back" to the petition's original filing date by sharing a "common core of operative facts" with the claims that were properly exhausted at the time the federal petition was filed).

### IV.    Recommendation

Petitioner's February 16, 2015 motion for stay (ECF No. 16) fails to make a showing on which the court can stay the action. Accordingly, it is hereby recommended that the motion be

/////

4

denied without prejudice and petitioner be allowed the opportunity to file another motion to stay that makes the showing necessary under either *Rhines* or *Kelly*.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 26, 2015.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE