UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON D. VILLALOBOS,<br><br>          Petitioner,<br><br>    v.<br><br>FRED FOULK,<br><br>          Respondent. | No. 2:14-cv-1966-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in an action brought under 28 U.S.C. § 2254. He seeks a stay of these proceedings pending exhaustion of two issues in the California Supreme Court. ECF No. 19. Respondent has filed no opposition. For the reasons that follow, the motion should be denied as moot.

**I.    Background**

Petitioner was convicted on various drug charges and sentenced to serve 26 years to life in state prison on December 3, 2012. ECF No. 1 at 1. In his petition, petitioner stated that all grounds he presented for relief had been presented to the highest state court. *Id.* at 13. Respondent noted in his answer that some of the claims were not exhausted. ECF No. 14 at 20. Petitioner then filed a one-page motion for a stay, stating that he wished to present additional issues that were never presented to the California Supreme Court. ECF No. 16. Because petitioner did not identify or describe the unexhausted issues or provide any information about

why the issues had not already been exhausted, the court denied the motion to stay without prejudice to a new motion showing the propriety of a stay under either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) or *Rhines v. Weber*, 544 U.S. 269 (2005).  ECF Nos. 18, 20.  Petitioner has now filed a new motion to stay, identifying the unexhausted claims as those also identified by respondent as unexhausted.  ECF No. 19.

Accordingly, it is now clear that the claims petitioner failed to exhaust before filing this federal petition are his claims that: (1) the trial court erred in denying his proffered defense because petitioner possessed more than eight ounces of marijuana (ECF No. 1 at 9) and (2) the trial court erred in ruling that another individual (rather than petitioner) was petitioner's mother's primary caregiver when that other individual did not possess a valid marijuana recommendation (*id*. at 11).

**II.     The Motion to Stay**

Petitioner's second motion to stay was filed on September 28, 2015.  ECF No. 19.  At that time, his petition exhausting the two unexhausted claims was pending in the California Supreme Court.  By referring to that court's public website, of which the court takes judicial notice, the undersigned has discovered that the petition was denied on November 11, 2015.  California Courts, Appellate Courts Case Information, Docket of California Supreme Court Case No. S228439 (*Villalobos (Ramon Daniel) on H.C.*), http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2117057&doc_no=S228439.  Because the claims are now exhausted, the motion to stay pending exhaustion is moot, and should therefore be denied.

Respondent has addressed the merits of the previously unexhausted claims already in his answer.  ECF No. 14 at 20-21.  Because respondent may want to address the timeliness of those claims now that they are exhausted, it is recommended that the court provide respondent with an opportunity to file an amended answer or a motion addressing the timeliness of the two previously unexhausted claims.

/////

/////

### III. Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Petitioner's September 28, 2015 motion for stay (ECF No. 19) be denied as moot; and
2. Respondent be provided 21 days from the date of any order adopting these recommendations to file an amended answer or a motion addressing the timeliness of petitioner's previously-unexhausted claims, if he so chooses.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 1, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE